OPINION
{¶ 1} Defendant-appellant, Marcus Troglin, brings this appeal from the December 2, 2005 judgment of the Court of Common Pleas, Union County, Ohio, denying his motion for post-conviction relief. In this appeal, Troglin argues that his sentence is unconstitutional based on the United States Supreme Court decisions in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738. Although Troglin's appeal has been placed on the accelerated calendar, this Court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Troglin was found guilty following a jury trial of one count of felonious assault in violation of R.C. 2903.11(A), a second degree felony; one count of child endangering in violation of R.C. 2919.22(A), a third degree felony; and one count of child endangering in violation of R.C. 2919.22(B)(1), a third degree felony. On October 15, 2004 he filed a direct appeal challenging his conviction and sentence, arguing inter alia that his conviction was against the manifest weight of the evidence and that the trial court sentenced him in violation of the Blakely
and Booker opinions. This Court affirmed the conviction and sentence on the first two counts; however, we reversed the sentence imposed on the third count, finding that the violation of R.C. 2919.22(B)(1) was a second degree felony rather than a third degree felony due to the fact that it resulted in serious physical harm to the child. State v. Troglin, Union App. No. 14-04-41, 2005-Ohio-6562, at ¶ 51-54.
 {¶ 3} We recounted the facts of Troglin's case in our previous decision, so we will touch on them only briefly here. The charges against him arose after his son Ian was taken to Convenient Care in Marysville, Ohio. Troglin's wife Amber took Ian to Convenient Care, believing that he had fractured ribs. The treating physician noticed multiple bruises on Ian's chest, head, and thighs; the doctor also reported that Ian was having trouble breathing and that his chest was "crackling." Ian was then immediately sent by ambulance to Union County Memorial Hospital, where X-rays were taken. The X-rays showed serious trauma to his torso, including multiple rib fractures on both sides, with two ribs having been fractured in two different places. After Ian was stabilized, he was transported to Children's Hospital in Columbus, Ohio. X-rays taken upon his arrival revealed further injuries, included a fractured clavicle and collarbone. The treating physician at Children's Hospital also discovered spiral fractures on Ian's lower legs.
 {¶ 4} Troglin reported that the injuries probably occurred in an accident that happened several days before, where Ian had flipped over in his ExerSaucer, a children's "bouncy" seat. He also reported that Ian had been struck by his brother with a wiffle ball bat. However, doctors at trial testified that the injuries were inconsistent with these explanations, and that they were instead consistent with Ian having been involved in an automobile accident where he was unrestrained. The doctors also indicated that the injuries were recently incurred, which was also inconsistent with Troglin's explanation. The physician at Memorial Hospital testified that she believed Ian's injuries had occurred within a few hours of Ian's arrival at the hospital.
 {¶ 5} Ultimately, Troglin was convicted of the charges against him. He was sentenced to seven years imprisonment on the felonious assault charge, and four years for the first child endangering charge in violation of R.C. 2919.22(A), which was to be served consecutively to the felonious assault charge. The record is silent as to the sentence Troglin received on the R.C.2919.22(B)(1) child endangering violation after remand.
 {¶ 6} While the initial appeal was pending, Troglin filed a motion for post-conviction relief pursuant to R.C.2953.23(A)(1)(a) on August 8, 2005. The trial court overruled the motion on December 2, 2005. Troglin now appeals that decision, asserting three assignments of error:
The trial court erred when it sentenced the defendant under anunconstitutional system.
 The trial court erred when it sentenced defendant, a firsttime offender, to a more-than-the minimum sentence based on factsfound by a judge not a jury, nor admitted by the defendant.
 The trial court erred by allowing the imposition ofconsecutive sentences based on facts not found by a jury, noradmitted to by the defendant, violating his rights guaranteed bythe Sixth Amendment.
 {¶ 7} In these assignments of error, Troglin argues that his sentences violated the Court's decisions in Blakely andBooker. Those cases reaffirmed the Court's previous holding inApprendi v. New Jersey (2000), 530 U.S. 466, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Blakely, the Court held that the relevant "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant."Blakely, 542 U.S. at 303-4. Thus, pursuant to Blakely, a trial court is prohibited from using factual findings other than those reflected in the jury verdict or admitted by the defendant to increase an offender's sentence.
 {¶ 8} Subsequent to the filing of his appeal, the Supreme Court of Ohio addressed the applicability of these two cases to Ohio's felony sentencing scheme in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The Foster court held that two statutes applicable to the imposition of Troglin's prison sentence were unconstitutional in violation of the Sixth Amendment pursuant toBlakely. First, the Court held that R.C. 2929.14(B) was unconstitutional because it required a trial court to make specific findings in order to sentence an offender to more than the minimum sentence authorized for the offense. Foster, at ¶ 61. Second, the Court held that R.C. 2929.14(E)(4) violatedBlakely principles because it authorized the imposition of consecutive sentences, thereby by permitting an increase in the total punishment an offender faces, if the trial court makes specific factual findings. Id. at ¶ 67. The Court went on to hold that sentences imposed based on these unconstitutional statutes were void. Id. at ¶ 103. The Court then ordered that cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104.
 {¶ 9} Thereafter, this Court held that because the Foster
decision rendered sentences based on these unconstitutional statutes void, a person was permitted to appeal his sentence by way of a petition for post-conviction relief. State v.Bulkowski, Seneca App. No. 13-05-43, 2006-Ohio-1888, at ¶ 12-13. Specifically, the post-conviction statute, R.C. 2953.21(A)(1)(a), permits an offender "who claims that there was such a denial or infringement of the person's constitutional rights as to renderthe judgment void or voidable" to challenge his sentence. Accordingly, we permitted a post-conviction challenge based onFoster and remanded the case for further proceedings consistent with that opinion. Bulkowski, at ¶ 14; but see State v.Carnail, 8th Dist. No. 86539, 2006-Ohio-1246.
 {¶ 10} However, the fact that Foster determined that sentences rendered pursuant to R.C. 2929.14(B) and 2929.14(E)(4) were void does not permit any defendant sentenced under those statutes to challenge his sentence by way of a post-conviction petition; the Foster decision does not eliminate the procedural requirements pertaining to these petitions. Specifically, the post-conviction statute provides:
Except as otherwise provided in section 2953.23 of the RevisedCode, a petition under division (A)(1) of this section shall befiled no later than one hundred eighty days after the date onwhich the trial transcript is filed in the court of appeals inthe direct appeal of the judgment of conviction or adjudication* * *.
R.C. § 2953.21(A)(2) (emphasis added). Moreover, R.C.2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the 180-day period except under certain circumstances. Relevant to the instant case, Troglin would have to show both (1) that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the 180 day period and (2) that "but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense * * *." R.C. 2953.23(A)(1)(a)-(b).[1]
Put simply, the exception in R.C. 2953.23(A)(1)(b) allows a defendant to challenge his conviction outside of the initial 180-day period, but the offender has no means of challenging his sentence under the exception.
 {¶ 11} In the instant case, Troglin filed his direct appeal with this court on October 15, 2004, and the trial transcript was filed on that same date. Troglin did not file his petition for post-conviction relief until August 8, 2005, well outside of the 180-day period for filing pursuant to R.C. 2953.21(A)(2). Accordingly, the trial court lacked jurisdiction to consider Troglin's petition because it was untimely. Id.; see State v.Sanders, 9th Dist. No. 22457, 2005-Ohio-4267, at ¶ 10. Even though Troglin may or may not have had a newly recognized federal right, his asserted claim would not alter the finding of guilt at trial, and therefore his petition did not fall under the jurisdiction exception in R.C. 2953.23(A). Troglin is therefore not entitled to re-sentencing under the Foster decision.
 {¶ 12} Based on the foregoing, the trial court lacked jurisdiction to consider Troglin's motion for post-conviction relief. Troglin's assignments of error are therefore overruled, and the judgment of the trial court is hereby affirmed.
Judgment Affirmed.
 Bryant, P.J. and Cupp, J., concur.
[1] The statute also provides for an untimely post-conviction appeal for certain situations involving DNA analysis; however, that provision is not implicated in the instant case.