OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Johnny Hall, Jr., appeals the judgment of the Putnam County Common Pleas Court denying his post-conviction motion to vacate and correct his sentence. On appeal, Hall asserts that the trial court erred by denying his post-conviction motion because his sentence violates his Sixth Amendment right to a jury and the United States Supreme Court principles set forth in Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296, as well as the Ohio Supreme Court's ruling in State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856. Finding that Hall did not timely file his post-conviction motion, we affirm the judgment of the trial court.
 {¶ 3} In October of 2004, Hall pled guilty to one count of trafficking in drugs in violation of R.C. 2925.03(A), (C)(4)(g), a felony of the first degree. On December 15, 2004, the trial court sentenced Hall to the maximum term of ten years authorized by R.C. 2929.14(D)(2)(b)(i)-(ii), plus an additional two years pursuant to R.C. 2929.19(B), for an aggregate sentence of twelve years. (Dec. 2004 Judgment Entry, pp. 1-2).
 {¶ 4} In May of 2005, Hall moved for leave to file a delayed appeal. This court denied that motion, finding that Hall did not set forth a sufficient reason for failing to timely file a notice of appeal from the December 2004 judgment. See State v. Hall
(July 7, 2005), 3d Dist. No. 12-05-11. On April 28, 2006, Hall filed a post-conviction motion to vacate and correct his sentence. On May 2, 2006, the trial court denied the motion. It is from this judgment Hall appeals, presenting the following assignment of error for our review.
 Assignment of Error THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCINGDEFENDANTA-PPELLANT TO THE MAXIMUM PRISON TERM IN VIOLATION OFTHE DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY.
 {¶ 5} In his sole assignment of error, Hall contends that the trial court's imposition of the ten-year maximum mandatory term violates his Sixth Amendment right to a jury. Specifically, Hall asserts that the trial court abused its discretion in denying his post-conviction motion because the trial court's findings at sentencing were based on facts not found by a jury, nor admitted to by Hall, and thus the sentence was unconstitutional underApprendi, Blakely, and Foster, supra.
 {¶ 6} This Court dealt with a similar argument in State v.Troglin (2006), 3d Dist. No. 14-05-56, 2006-Ohio-2791,2006 WL 1519700. Wherein, this Court noted:
[In Blakely], the U.S. Supreme Court reaffirmed itsprevious holding in Apprendi that "[o]ther than the fact of aprior conviction, any fact that increases the penalty for a crimebeyond the prescribed statutory maximum must be submitted to ajury, and proved beyond a reasonable doubt." [542 U.S.] at 490.In Blakely, the Court held that the relevant "statutorymaximum" for Apprendi purposes "is the maximum sentence ajudge may impose solely on the basis of the facts reflected inthe jury verdict or admitted by the defendant." [Id.] at 303-4.Thus, pursuant to Blakely, a trial court is prohibited fromusing factual findings other than those reflected in the juryverdict or admitted by the defendant to increase an offender'ssentence.
 Troglin, 2006-Ohio-2791, at ¶ 7.
 {¶ 7} The Ohio Supreme Court addressed the applicability ofApprendi and Blakely to Ohio's felony sentencing scheme inFoster, supra. The Foster Court held that two of the statutes applicable to the imposition of Halls' prison sentence were unconstitutional in violation of the Sixth Amendment underBlakely. First, the Supreme Court held that R.C. 2929.19(B)(2) was unconstitutional because it required judicial fact-finding in order to sentence an offender to more than the maximum sentence authorized for the offense. 109 Ohio St.3d at ¶ 83. Second, the Supreme Court held that R.C. 2929.14(D)(2)(b) violated Blakely
principles because it authorizes the imposition of penalty enhancements for major drug offenders if the trial court makes specific factual findings. Id.
 {¶ 8} The Supreme Court went on to hold that sentences imposed based on these unconstitutional statutes were void. Id. at ¶ 103. The Supreme Court then ordered that cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104. Subsequently, this Court found that "`because the Foster
decision rendered sentences based on these unconstitutional statutes void, a person was permitted to appeal his sentence by way of a petition for post-conviction relief.'" Troglin,2006-Ohio-2791, at ¶ 9, citing State v. Bulkowski, 3d Dist. No. 13-05-43, 2006-Ohio-1888, at ¶¶ 12-13.
 {¶ 9} The post-conviction statute, R.C. 2953.21(A)(1)(a), permits an offender "who claims that there was such a denial or infringement of the person's constitutional rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. However, as we noted in Troglin, the fact that Foster
determined that sentences rendered pursuant to R.C. 2929.19(B) and 2929.14(D)(2)(b) were void "does not permit any defendant sentenced under those statutes to challenge his sentence by way of a post-conviction petition; the Foster decision does not eliminate the procedural requirements pertaining to these petitions." Troglin, 2006-Ohio-2791, at ¶ 10. Specifically, R.C. 2953.21(A)(2) mandates that motions for post-conviction relief "shall be filed no later than one-hundred eighty days after the expiration of the time for filing the appeal" if no appeal is taken. Moreover, R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the 180-day period except under the exceptions provided in R.C.2953.23(A)(1) and (2).
 {¶ 10} Pertinent to the instant case, R.C. 2953.23(A)(1) requires a showing that (a) Hall's asserted claim is based on a newly recognized federal or state right that arose subsequent to the 180-day period and (b) that "but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense * * *."[1] As this Court explained in Troglin, "[p]ut simply, the exception in R.C.2953.23(A)(1)(b) allows a defendant to challenge his conviction outside of the initial 180-day period, but the offender has no means of challenging his sentence under the exception."2006-Ohio-2791, at ¶ 10.
 {¶ 11} In the case sub judice, Hall did not file a direct appeal to his conviction. Instead, he moved for a delayed appeal, which this Court denied. Hall did not file his post-conviction motion until April 28, 2006, well outside of the 180-day time period under R.C. 2953.21(A)(2). Accordingly, the trial court lacked jurisdiction to consider Hall's motion because it was untimely. See State v. Sanders, 9th Dist. No. 22457,2005-Ohio-4267, at ¶ 10.
 {¶ 12} Furthermore, even though Hall may or may not have had a newly recognized federal right, his asserted claim would not alter the finding of guilt at trial, and therefore his petition did not fall under the exception in R.C. 2953.23(A)(1). Therefore, Hall is not entitled to re-sentencing based uponFoster.
 {¶ 13} Based on the foregoing, the trial court lacked jurisdiction to consider Hall's post-conviction motion. Accordingly, Hall's assignment of error is overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.
[1] The second exception, R.C. 2953.23(A)(2), provides for an untimely post-conviction appeal for certain situations involving DNA analysis; however, that provision is not implicated in this case.