OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, David Young, appeals the judgment of the Logan County Court of Common Pleas, denying his motion for appointment of counsel for re-sentencing and emergency discharge. On appeal, Young asserts that the trial court erred in denying his motion because the consecutive sentences that the trial court imposed were based on findings made pursuant to an unconstitutional scheme and therefore must be vacated. Finding that his motion is untimely, we affirm the judgment of the trial court.
 {¶ 3} In May of 2002, Young pled guilty to one count of gross sexual imposition of a person less than 13 years of age in violation of R.C. 2907.05(A)(4), a felony of the third degree; one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2929.041, a felony of the third degree; and, one count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree.
 {¶ 4} On June 24, 2002, the trial court sentenced Young to four years of imprisonment for the gross sexual imposition count, ten months for the illegal assembly or possession of chemicals for the manufacture of drugs count, and ten months for the breaking and entering count. The trial court also ordered the sentences to be served consecutively, for an aggregate of five years and eight months of imprisonment. Additionally, the trial court classified Young as a sexual predator, imposed five years of post-release control, and ordered him to pay restitution and court costs. Young did not appeal his sentence.
 {¶ 5} On May 26, 2006, Young moved for appointment of counsel for re-sentencing and emergency discharge based on State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On May 31, 2006, the trial court denied Young's motion, stating that "since this case was not on direct appeal the case is closed." (Judgment Entry, p. 1). It is from this judgment Young appeals, presenting the following assignment of error for our review.
THE CONSECUTIVE SENTENCE THAT THE TRIAL COURT IMPOSED BASED ONFINDINGS MADE PURSUANT TO AN UNCONSTITUTIONAL SCHEME WASERRONEOUSLY (Sic.) AND MUST BE VACATED.
 {¶ 6} In his sole assignment of error, Young contends that the trial court erred in denying his motion for appointment of counsel for re-sentencing because his consecutive sentence was based on findings pursuant to an unconstitutional scheme and therefore must be vacated. Specifically, Young asserts that the trial court engaged in judicial fact-finding in order to impose consecutive sentences, which Foster has deemed unconstitutional, and that he never waived the right to have sentence enhancing factors be determined by a jury. Additionally, Young argues that the Foster decision violates the Ex Post Facto and Due Process Clauses of the United States Constitution because it retroactively destroys the presumption of minimum and concurrent prison terms that defendants received at sentencing prior to Foster.
 {¶ 7} The Foster Court recently addressed constitutional issues concerning felony sentencing. The Foster Court held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(E)(4), requiring judicial findings before imposition of consecutive sentences. Id. at ¶ 67.
 {¶ 8} However, the Foster Court also limited retroactive application of its holdings to cases on direct review. Id. at ¶ 104. Here, as the trial court stated, Young failed to commence a direct appeal of his sentence. However, this Court determined inState v. Troglin, 3d Dist. No. 14-05-56, 2006-Ohio-2791, "`because the Foster decision rendered sentences based on these unconstitutional statutes void, a person was permitted to appeal his sentence by way of a petition for post-conviction relief.'" ¶ 9, citing State v. Bulkowski, 3d Dist. No. 13-05-43,2006-Ohio-1888, at ¶¶ 12-13.
 {¶ 9} Although Young did not caption his motion as a petition for post-conviction relief, his argument for appointment of counsel for emergency discharge and re-sentencing is essentially the equivalent of such a petition. See State v. Reynolds,79 Ohio St.3d 158, 160, 1997-Ohio-304 (holding that, regardless of its caption, a motion is a petition for post-conviction relief where the defendant "(1) filed it subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence"); State v. Hill (1998),129 Ohio App.3d 658 (finding defendant's motion to withdraw guilty plea was really a petition for post-conviction relief under R.C.2953.21 where time to file direct appeal had expired and argument was based on violation of constitutional rights). Thus, we will treat Young's motion for appointment of counsel for re-sentencing and emergency discharge as a petition for post-conviction relief since his time to file a direct appeal has expired, his motion is based on an alleged violation of his constitutional rights, he asserts that the judgment is void, and he requests that his sentence be vacated.
 {¶ 10} The post-conviction statute permits an offender "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to challenge his sentence. R.C. 2953.21(A)(1)(a). However, as we noted in Troglin, the fact that Foster determined that sentences rendered pursuant to R.C. 2929.14(E)(4) were void "does not permit any defendant sentenced under those statutes to challenge his sentence by way of a post-conviction petition; theFoster decision does not eliminate the procedural requirements pertaining to these petitions." Troglin, 2006-Ohio-2791, at ¶ 10. Specifically, R.C. 2953.21(A)(2) mandates that motions for post-conviction relief "shall be filed no later than one-hundred eighty days after the expiration of the time for filing the appeal" if no appeal is taken. Moreover, R.C. 2953.23(A) divests a court of jurisdiction to hear an appeal after the expiration of the 180-day period set by R.C. 2953.21(A)(2) except under the exceptions provided in R.C. 2953.23(A)(1) and (2).[1]
 {¶ 11} To meet the exception under R.C. 2953.23(A)(1)(a)-(b), Young must show both that his asserted claim is based on a newly recognized federal or state right that arose subsequent to the 180-day period and that "but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense * * *."
 {¶ 12} In the case sub judice, Young did not file a direct appeal subsequent to his conviction in 2002. Young did not file his post-conviction motion for emergency discharge and appointment of counsel for re-sentencing until May 26, 2006, well outside of the 180-day time period under R.C. 2953.21(A)(2). Accordingly, the trial court lacked jurisdiction to consider Young's motion because it was untimely. See State v. Sanders,
9th Dist. No. 22457, 2005-Ohio-4267, at ¶ 10.
 {¶ 13} Furthermore, even though Young may have had a newly recognized federal right, his asserted claim would not alter the finding of guilt by the trial court because he pled guilty, and therefore his petition did not fall under the exception in R.C.2953.23(A)(1). Thus, Young is not entitled to re-sentencing based upon Foster.
 {¶ 14} Based on the foregoing, the trial court lacked jurisdiction to consider Young's post-conviction motion and therefore appropriately denied it. Moreover, because Young's motion is untimely, we need not discuss his contention thatFoster violates the Ex Post Facto and Due Process clauses of the U.S. Constitution.
 {¶ 15} Accordingly, Young's assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] The second exception, R.C. 2953.23(A)(2), provides for an untimely post-conviction appeal for certain situations involving DNA analysis; however, that provision is not implicated in this case.