OPINION
{¶ 1} Appellant, Steven Farley, appeals from the trial court's dismissal of his petition to vacate sentence. A timely Notice of Appeal was filed on June 28, 2006. On August 24, 2006, counsel for Appellant filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,rehearing den. (1967) 388 U.S. 924, indicating the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised three potential Assignments of Error as follows:
 I. {¶ 2} "THE JUDGMENT DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. {¶ 3} "INEFFECTIVE ASSISTANCE OF COUNSEL.
 III. {¶ 4} "THE COURT VIOLATED CONSTITUTIONAL RIGHTS AT SENTENCING"
 {¶ 5} Appellant's counsel further stated Appellant had been notified of his right to file a pro se merit brief. Appellant filed a pro se brief and supplemental brief setting forth three Assignments of Error as follows:
 I. {¶ 6} "THE TRIAL COURT ERRED BY VIOLATING DEFENDANT-APPELLANT'S SIXTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY ENHANCING THE DEFENDANT-APPELLANT'S SENTENCE ABOVE THE PRESUMPTIVE STATUTORY MINIMUM CONCURRENT WITHOUT SUBMITTING FACT FINDING TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT.
 II. {¶ 7} "THE TRIAL COURT ERRED BY ALLOWING THE DEFENDANT-APPELLANT'SSIXTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION TO BE DENIED HIM DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL WHOM WAS RENDERED INEFFECTIVE AS COUNSEL FAILED TO OBJECT TO THE COURT SENTENCING DEFENDANT-APPELLANT ABOVE THE MINIMUM CONCURRENT SENTENCE.
 III. {¶ 8} "THE TRIAL COURT ERRED COMMITTING PLAIN ERROR PURSUANT TO CRIMINAL RULE 52(B) BY DEPRIVING THE DEFENDANT-APPELLANT'S RIGHT TO FAST AND SPEEDY TRIAL, VIOLATING THE 5TH, 6TH
AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY BRINGING DEFENDANT-APPELLANT TO TRIAL BEYOND THE 90 DAY STATUTORY LIMIT."
 STATEMENT OF THE FACTS AND CASE {¶ 9} On January 26, 2004, Appellant was indicted by the Coshocton County Grand Jury for two counts of Burglary, in violation of R.C.2911.12(A)(3), each third degree felonies; one count of Theft, in violation of R.C. 2913.02(A)(1), a fifth degree felony; and one count of Grand Theft of a Motor Vehicle, in violation of R.C. 2913.02(A)(1), a fourth degree felony.
 {¶ 10} On June 29, 2004, Appellant pled guilty as charged in the indictment. At the time of the plea, Appellant had been convicted and was serving a sentence on an unrelated Noble County conviction. On August 11, 2004, Appellant was sentenced to serve a three-year definite sentence for each count of burglary and, an eleven-month sentence on each theft offense. The Court further ordered the sentences to be served concurrently with each other, but consecutive to the criminal conviction and sentence out of Noble County.
 {¶ 11} In the trial court's judgment entry of conviction and sentence, the trial court stated it took into consideration the matters set forth in Ohio Revised Code Sections 2929.12 and 2929.13 and further found that "imposition of the shortest prison term available would demean the seriousness of the offense and not adequately protect the public." Appellant did not pursue a direct appeal from his conviction and sentence.
 {¶ 12} On March 10, 2006, Appellant filed a pro se "Petition to Vacate Sentence, Appoint Counsel and Schedule Evidentiary Hearing". In the petition, Appellant argued, in part, the trial court's non-minimum and consecutive sentences violated his constitutional right to a jury trial pursuant to State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, Blakely v. Washington (2004), 524 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621 and, Apprendi v. New Jersey (2004), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435. Appellant further argued his counsel was ineffective for failing to object to the non-minimum and consecutive sentences.
 {¶ 13} On June 15, 2006, the trial court dismissed the petition to vacate stating although the Ohio Supreme Court has held Ohio Revised Code Section 2929.14(B) to be unconstitutional as it relates to imposition of more than the minimum prison term, the trial court nevertheless has full discretion to impose a prison sentence within the statutory range and is not required to make findings or give reasons for imposing more than the minimum sentence. The trial court also held the petitioner had failed to establish his counsel's representation was deficient. As a result, the trial court found "no grounds for granting the relief sought". It is from this decision Appellant now seeks to appeal.
 I, II, III, and pro se I, II, III {¶ 14} In the proposed Assignments of Error set forth by and through counsel for Appellant, and Appellant's pro se Assignments of Error, Appellant essentially argues his sentence is unconstitutional and void pursuant to Blakely v. Washington and its progeny of cases. Appellant further argues his speedy trial right was violated and his counsel was ineffective for failing to object to the imposed sentences.
 {¶ 15} In the trial court, Appellant captioned his motion as a petition to vacate sentence. However, the caption of a pro se pleading does not definitively define the nature of a pleading. State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131. InState v. Reynolds, the Ohio Supreme Court found despite its caption, an appellant's pleading which (1) is filed subsequent to appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and, (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). Upon review, this Court finds Appellant's motion to vacate meets the criteria set forth inState v. Reynolds and, therefore, should have been properly considered by the trial court as a petition for post-conviction relief.
 {¶ 16} Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21 which provides:
 {¶ 17} "[A]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * *may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1).
 {¶ 18} "Except as provided in section 2953.23 of the Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date in which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication, or * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal."
 {¶ 19} In this case, Appellant was sentenced on August 11, 2004. Appellant's motion to vacate sentence on constitutional grounds was filed on March 10, 2006, nearly 14 months after the expiration of the time for filing an appeal and was, therefore, untimely. Because Appellant's petition was untimely filed, the trial court was required to entertain Appellant's petition only if he could meet the requirements of 2953.23(A).
 {¶ 20} 2953.23(A) provides that with regard to a petition filed pursuant to R.C. 2953.21:
 {¶ 21} "A court may not entertain a petition filed after the expiration of the period prescribed in division (A) * * * unless * * * both of the following apply (1) "Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to person's in the petitioner's situation, and the petition asserts a claim based on that right; and (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 22} In State v. Foster, the Ohio Supreme Court found that R.C.2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent they required judicial fact finding for the imposition of certain sentences. However, the Foster decision did not eliminate the procedural requirements pertaining to petitions for post-conviction relief.State v. Hall, Putnam App. No. 12-06-08, 2006-Ohio-5155, See also,State v. Troglin, Putnam App. No. 14-05-56, 2006-Ohio-2791.
 {¶ 23} In this case, pursuant to 2953.23(A)(1)(a) and (b), even if Appellant could assert a newly recognized federal or state right, Appellant still fails on the second prong of the analysis which requires a showing that "but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense * * *". It appears R.C. 2953.23(A)(1)(b) allows a defendant to challenge his conviction outside the initial 180-day period, but the offender has no means of challenging the sentence under the exception. State v.Hall, supra.
 {¶ 24} Furthermore, and more specifically, although the Supreme Court of Ohio held in Foster certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution, theFoster ruling only applies to those cases pending on direct review or not yet final as of the date Foster was decided. State v. Foster, supra;State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at para.15, citing State v. Luther, Lorain App. No. 05CA008770, 2006-Ohio-2280, at para.12; State v. Jones, Miami App. No. 2005-CA-26, 2006-Ohio-2360, at para.18; and State v. Rawlins, Scioto App. No. 05CA3012, 2006-Ohio-1901, at para.12.
 {¶ 25} This case does not present itself on direct review from Appellant's conviction and sentence in 1994.
 {¶ 26} Additionally, Appellant's claims would have been barred by res judicata because Appellant could have raised both the Blakely andApprendi issues on direct appeal. It is established, pursuant to res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised the issue on direct appeal. State v. Dulling (1970), 21 Ohio St.2d 13,254 N.E.2d 270. Res judicata is available in all post-conviction relief proceedings. State v. Szefcyk (1996), 77 Ohio St.3d 93, 95,671 N.E.2d 233. It makes no difference the United States Supreme Court had not yet decided Apprendi and Blakely at the time Appellant was convicted and sentenced because the issue of a purported right to a jury trial on sentencing findings could have been raised. State v. Reynolds,79 Ohio St.3d at 161-162.
 {¶ 27} The arguments that Appellant's right to a speedy trial was denied and that Appellant was denied effective assistance of counsel at sentencing fail under both 2953.23 (A)(1)(a) and 2923.53(A)(1)(b) and are barred by res judicata.
 {¶ 28} Accordingly, Appellant's proposed Assignments of Error and pro se Assignments of Error are hereby overruled.
 {¶ 29} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 30} The judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed.
By: Hoffman
J. Wise, PJ. and
Edwards, J. concur.
 JUDGMENT ENTRY {¶ 31} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed.
 {¶ 32} Attorney Jeffrey A. Mullen's motion to withdraw as counsel for Appellant, Steven R. Farley is hereby granted.
IT IS SO ORDERED.