JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Pinkney, appeals his sentence from the Cuyahoga County Court of Common Pleas. After reviewing the facts of the case and pertinent law, we affirm.
 {¶ 2} On June 20, 2005, Pinkney was indicted by the Cuyahoga County Grand Jury with one count of felonious assault, a felony of the second degree, with multiple repeat violent offender and prior conviction specifications. Pinkney was arraigned and entered a plea of not guilty. On August 9, 2005, Pinkney withdrew his not guilty plea and entered a plea of guilty to felonious assault in violation of R.C. 2903.11, a second degree felony, with one repeat violent offender specification and one prior conviction specification. The remaining repeat violent offender specifications and prior conviction specifications were nolled as part of the plea *Page 3 
agreement. Due to this plea, Pinkney was subject to a mandatory prison term of two to eight years for the underlying offense, with the possibility of an additional one to ten years, on the repeat violent offender specification, if the court sentenced him to the maximum term of 8 years on the underlying offense.
 {¶ 3} On September 20, 2005, the trial court held a sentencing hearing and heard evidence. The state, victim, and character witness, Detective Green with the Cleveland Heights Police Department, spoke at the sentencing hearing. Pinkney also addressed the court and acknowledged the main facts of the incident, as stated by the victim, were true but refuted a few minor details. Pinkney was sentenced to the maximum prison term of 8 years and an additional 1 year, for a total of 9 years. Pinkney was also ordered to serve 3 years of post-release control as part of his sentence. The court on the oral record made judicial findings in support of its decision to sentence Pinkney to the maximum term of incarceration. These judicial findings included that Pinkney committed the worst form of the offense and posed the greatest likelihood of committing future crimes. The court supported these findings by stating Pinkney caused physical harm to the victim, the victim suffered devastating emotional injuries, Pinkney had an extensive and violent prior criminal record, he served time in prison, and he committed the offense while under post-release control supervision by the State of Ohio Adult Parole Authority. The court notified Pinkney he had an automatic right to appeal, the court determined him to be indigent and assigned counsel. *Page 4 
 {¶ 4} On June 27, 2006, Pinkney filed a pro se motion for delayed appeal, motion for appointment of counsel, notice of appeal, praecipe, docketing statement, and a motion to prepare transcript at state's expense. These motions were granted on July 24, 2006 and counsel was appointed.
 {¶ 5} Pinkney advances one assignment of error for our review:
 {¶ 6} "The trial court erred by imposing the maximum prison term for appellant's conviction in CR-466792 because the trial court considered facts that were neither admitted by appellant nor determined by a jury in violation of the Sixth Amendment to the United States Constitution."
 {¶ 7} In our review of appellant's sole assignment of error it is necessary that we first decide if Pinkney had a "pending appeal," prior to the issuance of the decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Pinkney filed his delayed appeal after Foster was
decided, even though his sentence was issued prior to theFoster decision.
 {¶ 8} Foster was submitted on July 26, 2005 and decided on February 27, 2006. The Ohio Supreme Court held that several provisions of S.B. 2, including R.C. 2929.14(C), were unconstitutional pursuant to theSixth Amendment of the United States Constitution, because they did not comply with the holding in the United States Supreme Court decision ofBlakely v. Washington, 542 U.S. 296. Specifically, as it pertains to R.C. 2929.14(C), the Foster court held the judicial fact finding requirement to impose a maximum prison term is unconstitutional without a *Page 5 
jury verdict or an admission by the defendant. Id. at _83. As a result, trial courts are no longer required to given reasons and findings when imposing a maximum sentence. Id. at _99. The holding applies to all pending cases on direct review. Id. at _104.
 {¶ 9} In State v. Lewis, 10th Dist. No. 06AP-327, 2006-Ohio-2752, Lewis was sentenced May 4, 2004 and filed a motion for leave to appeal on April 6, 2006 but it was denied. The Tenth District held Lewis failed to offer a reasonable explanation for his delay in seeking leave to appeal. Id. at _13.
 {¶ 10} However, the court of appeals noted in its decision that even if Lewis had a claim under Foster, that ruling pertains only to cases pending on direct appeal at the time the decision was announced. Id. at _10, citing Foster, supra, at _104-105. "Appellant did not appeal his conviction and sentence. Therefore, the conviction and sentence had become final long before Foster was announced. Appellant's attempt to file a delayed appeal does not change that fact." Id. at _10. "Delayed appeal is not the same as direct appeal." Id., citing State v. Bird
(2000), 138 Ohio App.3d 400. The court stated, since Lewis's case was concluded before Foster was decided, Foster could not be a foundation to vacate the judgment of the trial court. Id. Furthermore, the court stated, "The Foster decision did not announce a new constitutional right. Foster simply applied existing decisions of the United States Supreme Court to Ohio statutes. Any claim appellant may assert underFoster is *Page 6 
actually based upon the [Apprendi 530 U.S. 466] and Blakely decisions." Id. at _8. Apprendi was decided in 2000 and Blakely was decided on June 24, 2004. Id. The court stated that Lewis offered no reason of why he did not raise a Blakely claim between the decision in Blakely on June 24, 2004 and his motion for leave to appeal which was not filed until April 6, 2006. Id. at _9. His unexplained delay militates against granting a delayed appeal. Id.
 {¶ 11} In State v. Cook, 10th Dist. No. 05AP-515, 2006-Ohio-3443, the Tenth District held Cook waived any Sixth Amendment Blakely claim as he did not raise the argument at the trial court. Id. at _51.Foster did not order "ordinary prudential doctrines" such as waiver to be abandoned. Id. at _47.
 {¶ 12} Similarly, State v. Dudukovich, 9th Dist. No. 05CA008789,2006-Ohio-1309, the Ninth District held Dudukovich had not preserved his right to challenge his sentence based on the constitutionality of the Ohio statutes because he did not object at the trial court. Id. at _24. Dudukovich was precluded from raising such a claim for the first time on appeal.
 {¶ 13} In State v. Schroyer, 12th Dist. No. CA 2006-08-064,2007-Ohio-589, Schroyer was sentenced in 1999 and filed a motion to correct an unlawful sentence claiming he was entitled to resentencing under Foster in June 2006. The Twelfth District construed the motion as a postconviction relief petition. Fosfer applies to all cases on direct review and not yet final. Id. at _12, citing Foster, supra, _103-104. *Page 7 
The court found by the time Schroyer filed this motion his direct appeal remedies were no longer available. Id. The court held that Schroyer's case was final and not pending on direct review whenFoster was decided. Id. Therefore, Schroyer was not permitted to have the ruling in Foster retroactively applied to his case. Id.
 {¶ 14} Also, in State v. Dressler, 3rd Dist. No. 4-06-30,2006-Ohio-6483, Dressler was sentenced on April 10, 2003. On May 18, 2006, Dressler filed a motion to vacate and correction of sentence. The Third District interpreted the motion as a petition for post-conviction relief. The Ohio Supreme Court determined that Foster operated retroactively to impact only pending cases on direct appeal. Id., at _16 citing Foster, supra, at _103-104. A trial court does not retain jurisdiction once a sentence has been ordered into execution "except under very limited circumstances. Dressler supra, citing State v.Clark, 8th Dist. No. 82519, 2003-Ohio-3969, at _20. Trial courts retain jurisdiction "to correct `void' sentencing orders, which are defined as those made in an attempt to disregard statutory requirements." Id., citing State v. Beasley (1984), 14 Ohio St.3d 74, 75. Jurisdiction is also retained by trial courts to correct clerical errors. Id., citing Crim.R. 36. The court stated that Foster was decided after Dressler's sentence became final, and the Ohio Supreme Court did not expand its holding in Foster to cases such as Dressler's. Id. The court held that it did not err in finding Dressler's petition untimely filed. Id. at _17.
 {¶ 15} In State v. Hall, 3rd Dist. No. 12-06-08, 2006-Ohio-5155, Hall was *Page 8 
sentenced December 15, 2004. Hall filed for a delayed appeal in May 2006 which was denied for failing to state a sufficient reason as to the untimely filing. On April 28, 2006, Hall filed his postconviction motion which fell well beyond the one hundred and eighty day time period under R.C. 2953.21(A)(2). Id. at _11. Accordingly, the trial court lacked jurisdiction to consider Hall's motion because it was untimely. Id. Based on Foster, the court found Hall was not entitled to resentencing. Id. at _12.
 {¶ 16} In the instant case, Pinkney filed his motion for delayed appeal and notice of delayed appeal on June 27, 2006, approximately four months after Foster was decided, and this court granted the motion for delayed appeal on July 24, 2006. Thus, Pinkney's case was final and not pending on direct review when Foster was decided. Accordingly, Pinkney is not entitled to have the Foster ruling retroactively applied to his case. Furthermore, Pinkney offered no explanation why he did not raise aBlakely claim during the twenty four months between the announcement ofBlakely and his notice of appeal. A review of the record reflects Pinkney never challenged the constitutionality of Ohio's statutes at the trial court. As Pinkney failed to raise any objection below, he is prohibited from raising such an argument for the first time on appeal.
 {¶ 17} We conclude that the maximum sentence ordered by the trial court was not improper because the victim endured physical injury and suffered devastating emotional trauma, Pinkney also had a lengthy and violent criminal history, served prison terms in the past and committed the instant offense while serving post-release *Page 9 
control.
 {¶ 18} For these reason, Pinkney's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., Concur. *Page 1