[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY {¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to render our decision by summary journal entry, which shall not be considered controlling authority except as between the parties to this action.
 {¶ 2} Defendant-appellant, Johnny Hall, Jr. (hereinafter "Hall"), pro se, appeals the judgment of the Putnam County Court of Common Pleas denying his motion to withdraw his guilty plea. For reasons that follow, we affirm.
 {¶ 3} On October 8, 2004, Hall pled guilty to one count of trafficking in drugs in violation of R.C. 2925.03(A), (C)(4)(g), a felony of the first degree. On December 15, 2004, the trial court sentenced Hall to the maximum term of ten *Page 2 
years authorized by R.C. 2929.14(D)(2)(b)(i)-(ii), plus an additional two years pursuant to R .C. 2929.19(B), for an aggregate sentence of twelve years.
 {¶ 4} On May 13, 2005, Hall moved for leave to file a delayed appeal. This court denied that motion, finding that Hall did not set forth a sufficient reason for failing to timely file a notice of appeal.State v. Hall (July 7, 2005), 3d Dist. No. 12-05-11. On April 28, 2006, Hall filed a post-conviction motion to vacate and correct his sentence. On May 2, 2006, the trial court denied the motion. This Court then affirmed the trial court's decision. State v. Hall, 3d Dist. No. 12-06-08, 2006-Ohio-5155.
 {¶ 5} On October 29, 2007, Hall filed a motion to withdraw his guilty plea pursuant to Crim.R. 32, which was overruled by the trial court on November 8, 2007. Hall now appeals the trial court's judgment denying his motion and asserts three assignments of error for review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT A HEARING WHEN THE TRIAL COURT HAD NO FACTUAL BASIS TO ACCEPT A GUILTY PLEA THAT WAS UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY GIVEN IN VIOLATION OF APPELLANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES FEDERAL CONSTITUTION. *Page 3 
 ASSIGNMENT OF ERROR NO. II APPELLANT WAS DENIED HIS UNITED STATES FEDERAL CONSTITUTIONAL RIGHTS OF THE FIFTH, SIXTH, AND FOURTEENTH, AMENDMENTS AND ITS COUNTERPARTS FROM THE OHIO CONSTITUTION WHEN IN OPEN COURT, APPELLANT WAS INDUCED INTO ALTERING HIS INITIAL PLEA OF NOT GUILTY, TO GUILTY AS A PREJUDICIAL RESULT OF THE STATE MISLEADING APPELLANT WITH A FALSE CHARGE WHICH NO PROBABLE CAUSE EXISTED TO SUPPORT THE CHARGE USED IN NEGOTIATING AND OBTAINING APPELLANT'S GUILTY PLEA, THUS RESULTING IN A MANIFEST INJUSTICE THAT RENDERS APPELLANT'S GUILTY PLEA UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY GIVEN.
 ASSIGNMENT OF ERROR NO. III APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL ADVISED AND PERMITTED APPELLANT TO CHANGE HIS INITIAL PLEA OF NOT GUILTY TO GUILTY BASED ON COUNT TWO POSSESSION OF LSD, WHEN THE STATE HAD NO PROBABLE CAUSE OR CONVICTION, AND NOT OBJECTING TO THE TRIAL COURT'S ACCEPTING THE GUILTY PLEA WITHOUT A FACTUAL BASIS.
 {¶ 6} In his first assignment of error, Hall argues that the trial court erred by failing to grant his motion to withdraw because the court accepted his original guilty plea based upon unsubstantiated facts and conclusions. Specifically, Hall argues that the trial court found that the drug trafficking charge involved crack cocaine in excess of two hundred grams, but the Ohio Bureau of Criminal *Page 4 
Identification and Investigation (BCI) lab report indicated "2.53g-found to contain Cocaine." (Aug. 24, 2004 BCI Lab Report). The State, on the other hand, argues that Hall's argument is barred by the doctrine of res judicata, and even if Hall's argument is not barred by the doctrine, he has failed to show any "manifest injustice."
 {¶ 7} In his second assignment of error, Hall argues that his guilty plea was involuntarily, unintelligently, and unknowingly made because the State misled him to believe that he could be charged with possession of LSD. In support of his argument, Hall again points to the BCI lab report, which provides: "[l]iquid-18.28g — no controlled substance found." (Aug. 24, 2004 BCI Lab Report). In his third assignment of error, Hall argues that his trial counsel was ineffective because he advised him to plead guilty to drug trafficking so that the two drug possession charges (LSD and cocaine) would be dropped even though there was no evidence that he had LSD. The State argues that these arguments are untimely pursuant to App.R. 4(A).
 {¶ 8} We agree with the State that Hall's assignments of error are barred by the doctrine of res judicata. This Court has applied the doctrine to bar claims raised in a motion to withdraw a guilty plea if those claims could have been raised in a direct appeal. State v.Reynolds, 3d Dist. No. 12-01-11, 2002-Ohio-2823, ¶ 27; State v.Harmon, 3d Dist. No. 8-04-01, 2004-Ohio-4012, ¶ 17; State v.Graham, 3d *Page 5 
Dist. No. 1-04-27, 2004-Ohio-4397, ¶ 6, Fn.1. Hall had notice of the facts underlying his claims prior to his plea agreement because he was provided the BCI reports. (Sept. 15, 2004 Response to Discovery Request — Aug. 24, 2004 BCI Lab Report); (Sept. 21, 2004 Supplement to Discovery Request — Sept. 13, 2004 BCI Lab Report).[1] The fact that Hall failed to file a direct appeal does not alter the application of res judicata.Harmon, 2004-Ohio-4012, ¶ 17, citing State v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 9} Application of res judicata is appropriate in this case for reasons beyond the fact that Hall could have raised his arguments in a direct appeal. Hall has appealed to this Court on two prior occasions, first requesting a delayed appeal and second appealing the denial of his motion to vacate. State v. Hall (July 7, 2005), 3d Dist. No. 12-05-11;State v. Hall, 3d Dist. No. 12-06-08, 2006-Ohio-5155. In his first appeal, Hall raised an ineffective assistance of trial counsel claim, but failed to raise the specific assistance of counsel claims he now raises. In his second appeal, he raised issues about the trial court's findings of fact specifically referencing the amount of drugs involved but again failed to raise the *Page 6 
 {¶ 10} issues he now raises. Hall has had ample opportunities to raise the assignments of error he alleges in his present appeal and failed to do so. Hall cannot now avoid the application of res judicata.
 {¶ 11} In addition to the doctrine of res judicata, Hall faces two more procedural rules. Hall's second and third assignments of error relate to the judgment filed November 24, 2004. Hall filed this appeal on November 29, 2007. App. 4(A) requires that a direct appeal be filed within thirty (30) days of the judgment entry of conviction. Hall's appeal failed to meet this deadline. Furthermore, even if we interpret Hall's second and third assignments of error as a petition for post-conviction relief under R.C. 2953.21, Hall has failed to meet the one hundred eighty (180) day time limit under that section as well. Thus, Hall's second and third assignments of error are also time-barred.
 {¶ 12} Hall's first, second, and third assignments of error are, therefore, overruled.
 {¶ 13} For the aforementioned reasons, it is the order of this court that the judgment of the Putnam County Court of Common Pleas be, and hereby is, affirmed at the costs of the appellant for which judgment is rendered, and the cause be, and hereby is, remanded to the trial court for the execution of the judgment of costs. *Page 7 
 {¶ 14} It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by App.R. 27 or by any other provision of law, and also furnish a copy of this journal entry to the trial judge.
[1] As an additional note, Hall's allegation that the trial court erred in finding that the drug trafficking charge involved crack cocaine in excess of 200 grams because the BCI report did not reveal any crack cocaine is factually inaccurate. The Sept. 13, 2004 BCI Lab Report, which Hall neglected to attach to his motion and his subsequent appeal to this Court, provides: "Findings 1. White substance — 237.41g — found to contain Cocaine base (Crack Cocaine)." *Page 1