OPINION
{¶ 1} Defendant-Appellant, Dawn Buss, appeals a judgment of the Auglaize County Municipal Court, denying a motion filed with the trial court. On appeal, Buss contends that the trial court erred in its initial sentencing entry and that the trial court erred in ordering additional terms and conditions of probation in a separate judgment entry filed over one month after she was initially sentenced by the trial court. Upon review of the record, we find that Buss' motion and the trial court's entry on that motion are nullities. As a result, we have no jurisdiction to address the judgment entries of the trial court, and the cause must be dismissed.
 {¶ 2} In January of 2004, Buss was involved in a single car accident at approximately 9 a.m. on State Route 29 in St. Marys Township, Auglaize County, Ohio. State Highway Patrolman Miller was dispatched to the scene. Upon arrival, Miller noticed signs that Buss was intoxicated. After Buss scored six out of six clues on the horizontal gaze nystagmus test, she was placed under arrest for operating a vehicle while under the influence.
 {¶ 3} Buss was transported to the St. Marys Police Department where she submitted to a breath test. Buss had a BAC result of .110. A search of Buss' driving record showed that she had two prior DUI convictions within the last six years. At that time, Buss was charged with operating a vehicle while intoxicated and with failure to control her vehicle.
 {¶ 4} Subsequently, Buss appeared before the Auglaize County Municipal Court and entered a plea of not guilty. In July of 2004, Buss again appeared before the trial court. At this time, Buss withdrew her plea of not guilty and entered a plea of guilty to the charge of operating a vehicle while intoxicated. The charge of failure to control her vehicle was dismissed.
 {¶ 5} On August 19, 2004, Buss appeared for sentencing. At the sentencing hearing, Buss was sentenced to one hundred and thirty days in jail. The trial court went on to suspend one hundred days of Buss' sentence, placing her on probation. The only condition of probation that the trial court imposed upon Buss at the August 19, 2004 hearing and in its judgment entry was that Buss must continue in counseling at Shelby County Addiction Services until she was released by the treatment center. Additionally, Buss was ordered to follow all treatment recommendations. The trial court also sentenced Buss to pay a fine and suspended her driver's license.
 {¶ 6} On September 23, 2004, the trial court put on a second judgment entry regarding Buss' sentence. In this judgment entry, the trial court indicated that it had reviewed its August 19, 2004 judgment entry imposing sentence and that that judgment entry was incomplete. Specifically, the judgment entry stated:
The Court has received the sentencing entry of August 19, 2004. Thedefendant received a sentence of 130 days in jail with 100 days suspendedupon the condition that the defendant continue (sic.) with drug andalcohol counseling with Shelby County Addiction Services.
 The sentencing entry failed to specify the term of the defendant'sprobation which shall be five years.
 The Court further specifies that the defendant must comply with theCourt's standard terms of probation and shall be required to meet withthe Court's probation officer in accordance with the schedule set by thecourt's probation officer.
 She shall be required to execute a release for treatment information tobe submitted to the Court.
 {¶ 7} On November 9, 2004, in response to the September 23, 2004 entry, Buss filed a motion with the trial court for review of probation. Specifically, Buss argued that the trial court had no authority to modify its original sentence.
 {¶ 8} Subsequently, the trial court denied Buss' motion for review of probation. In its judgment entry denying Buss' motion, the trial court found that the September 23, 2004 entry was merely clarifying the earlier judgment entry. It is from this judgment Buss appeals, presenting the following assignment of error for our review.
The court's order of additional terms and conditions of probation, inits September 23, 2004, journal entry, is contrary to law.
 {¶ 9} Initially, we must determine whether Buss' cause is properly before this Court. First, upon review of Buss' motion for review of probation, it seems that the motion was analogous to a motion for reconsideration. A motion for reconsideration of a final judgment is neither prescribed for in the Ohio Civil Rules of Procedure nor the Ohio Rule of Criminal Procedure and is, thus, considered a nullity when made at the trial level. City of Cleveland Heights v. Richardson (1983),9 Ohio App.3d 152, 153-154. Accordingly, Buss' motion for review of probation is a nullity.
 {¶ 10} Furthermore, an order which then rules on such a motion is a nullity to which no right of appeal attaches. Pitts v. Ohio Dep't. ofTransportation (1981), 67 Ohio St.2d 76, 78. Therefore the trial court's order on Buss' motion, from which this appeal was taken, is a nullity pursuant to Pitts. Thus, no appeal can be taken from such an order, and we have no authority to address the assignment of error presented by Buss.
 {¶ 11} While we see no authority for the trial court to have issued the September 23, 2004 judgment entry, that issue is not properly before this court because Buss failed to appeal the September 23, 2004 judgment entry. See, Hall v. Hall (1956), 101 Ohio App. 237, para. two of syllabus (holding that a trial court cannot modify a final judgment without some statutory authority); State v. Hoy, 3d Dist. Nos. 14-04-13 14-04-14, 2005-Ohio-1093 at ¶ 45; Crim. R. 43(A) (requiring that a defendant be present at every stage of proceedings, including the imposition of sentence).
 {¶ 12} Therefore, having found that Buss' motion and the trial court's ruling on that motion are nullities, we lack jurisdiction and must dismiss the appeal.
Appeal Dismissed.
 Cupp, P.J., and Bryant, J., concur.