[Cite as *State v. Coats*, 2010-Ohio-4822.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 10-10-05

      v.

DOUGLAS N. COATS,                O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 10-10-06

      v.

DOUGLAS N. COATS,                O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Mercer County Common Pleas Court**
**Trial Court Nos. 05-CRM-077 and 05-CRM-078**

**Judgments Affirmed**

**Date of Decision: October 4, 2010**

APPEARANCES:

    *Joseph A. Benavidez* for Appellant

    *Matthew K. Fox* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Douglas Coats, appeals from the judgments of the Court of Common Pleas of Mercer County resentencing him to a twelve-year prison term and denying his Crim.R. 32.1 motion to withdraw his guilty pleas. On appeal, Coats argues that the trial court erred in denying his motion to withdraw his guilty pleas, and that the State failed to assert the sentencing recommendation as agreed upon in his plea deal. Based on the following, we affirm the judgments of the trial court.

{¶2} This case comes before us as a consolidated appeal of trial court cases numbered 05-CRM-077 and 05-CRM-078.[1] In June 2005, in trial court case number 05-CRM-077, the Mercer County Grand Jury indicted Coats on thirteen counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, and, in trial court case number 05-CRM-078, the Mercer County Grand Jury indicted Coats on one additional count of gross sexual imposition in violation of R.C. 2907.05(A)(4), also a felony of the third degree.

{¶3} In August 2005, Coats entered pleas of not guilty to all counts in both indictments.

{¶4} In September 2005, pursuant to a plea agreement, Coats withdrew his not guilty pleas and entered a plea of guilty to counts one, seven, and thirteen

---

[1] We note that appellate case number 10-10-05 corresponds to trial court case number 05-CRM-077, and appellate case number 10-10-06 corresponds to trial court case number 05-CRM-078.

of the indictment in trial court case number 05-CRM-077, and entered a plea of guilty to the one count indictment in trial court case number 05-CRM-078. The State then entered a nolle prosequi on the remaining counts. Additionally, as part of the plea agreement, the State agreed to recommend a three-year prison term on each count in case number 05-CRM-077, to be served consecutively to each other, and a three-year prison term in case number 05-CRM-078, to be served concurrently to the sentence in 05-CRM-077, for an aggregate nine-year prison term. Prior to accepting Coats' guilty pleas, the trial court conducted a full Crim.R. 11 plea colloquy, specifically stating:

> **[Trial Court]: Despite the jointly recommended plea agreement, I need to advise you of the maximum penalty that the court could impose. For each charge of gross sexual imposition, a felony of the third degree, you could be sentenced to five years in prison and be fined $10,000. Do you understand that?**
>
> **[Coats]: Yes, your Honor.**
>
> **[Trial Court]: So the maximum penalty for these four charges, three in Case No. 77 and one in Case No. 78, would be four times that or twenty years in prison plus a fine of $40,000. Do you understand that?**
>
> **[Coats]: Yes, your Honor.**
>
> **\* \* \***
>
> **[Trial Court]: Are you now under the influence of any kind of medication, drugs, alcohol, or anything that would cause you not to understand what we're doing here today?**
>
> **[Coats]: No, your Honor.**

Case No. 10-10-05 and 10-10-06

* * *

**[Coats]: They've got me on some anti-depressant medicine, but that's not what you're talking about now. Right?**

**[Trial Court]: If that doesn't have any affect on you understanding what we're doing here today.**

**[Coats]: Okay.**

(Sept. 2005 Change of Plea Hearing, pp. 7-11). At no time did the trial court advise Coats on the record that he would be subject to a mandatory term of postrelease control at the conclusion of his prison sentence. However, prior to the change of plea hearing, Coats signed a waiver of constitutional rights which provided, in part:

> **That if the Defendant is being sentenced for a felony of the first degree, or a felony of the second degree, for a felony sex offense, as defined in Section 2967.28 of the Revised Code, or for a felony of the third degree that is not a felony sex offense and in the commission of which the Defendant caused or threatened to cause physical harm to a person, that a period of post-release control pursuant to Section 2967.28 of the Revised Code will be imposed following the Defendant's release from prison.**

(Sept. 2005 Waiver of Constitutional Rights, p. 2).

{¶5} Additionally, prior to the change of plea hearing, Coats signed a negotiated plea agreement which provided:

> **POST RELEASE CONTROL. In addition, a period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case. If I am sentenced to prison for a felony 1 or felony sex offense, after my release from**

> **prison I will have a mandatory 5 years of post release control under conditions determined by the Parole Board.**

(Sept. 2005 Negotiated Plea Agreement, p. 3).

{¶6} In November 2005, the trial court sentenced Coats to a three-year prison term on each of the counts in cases numbered 05-CRM-077 and 05-CRM-078, all to be served consecutively to each other, for a total twelve-year prison term. At the sentencing hearing, the trial court also advised Coats that he would be subject to five years of postrelease control upon the conclusion of his prison sentence. However, the trial court's sentencing entry failed to include the term of postrelease control.

{¶7} In April 2007, Coats appealed to this Court; however, we subsequently denied his appeal as being untimely and for failing to set forth sufficient reasons for a delayed appeal pursuant to App.R. 5(A).

{¶8} In July 2008, Coats filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, arguing that his pleas were not knowingly, voluntarily, and intelligently entered because the trial court failed to advise him that it was not bound by the State's sentencing recommendation in the plea agreement, and because it failed to advise him that he would be subject to a mandatory term of postrelease control upon the conclusion of his prison term.

{¶9} In January 2009, the trial court denied Coats' Crim.R. 32.1 motion, finding the motion to be an untimely petition for postconviction relief pursuant to

R.C. 2953.21; that his claims were barred by res judicata because he failed to raise them prior or subsequent to sentencing or on direct appeal; and, that he was aware that the trial court was not bound by the State's sentencing recommendation in the plea agreement.

{¶10} In July 2009, in *State v. Coats*, 3d Dist. Nos. 10-09-04, 10-09-05, 2009-Ohio-3534, we remanded the case to the trial court for resentencing, finding that the trial court's failure to include a five-year term of post release control in the sentencing entry rendered Coats' sentence void, and, therefore, required a de novo resentencing hearing. Furthermore, we also found that Coats' claim that the trial court erred in denying his Crim.R. 32.1 motion to withdraw his guilty pleas was barred by res judicata, and, in summarily addressing his claim, we found that the trial court conducted a full Crim.R. 11 plea colloquy, and that his pleas were knowingly, intelligently, and voluntarily given.

{¶11} In November 2009, Coats filed a second motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, again arguing that his pleas were not knowing, intelligent, and voluntary because he was not properly notified of a mandatory term of post release control.

{¶12} In February 2010, following a hearing, the trial court denied Coats' latest Crim.R. 32.1 motion. Subsequently, the trial court held a resentencing hearing, at which it resentenced Coats to a three-year prison term on each count of

gross sexual imposition in case numbers 05-CRM-077 and 05-CRM-078, to be served consecutively to each other, for a total twelve-year prison term.

{¶13} It is from the trial court's resentencing and denial of his motion to withdraw his guilty pleas that Coats appeals, presenting the following assignment of error for our review.

**THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY NOT PERMITTING THE APPELLANT TO WITHDRAW A PREVIOUSLY TENDERED PLEA OF GUILTY PRIOR TO SENTENCING.**

{¶14} In his sole assignment of error, Coats argues that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. Additionally, although not separately assigned as error, Coats further contends that his sentence should be vacated and remanded to the trial court due to the State's failure to abide by the plea agreement at resentencing by recommending concurrent sentences.

{¶15} Appellate review of a trial court's denial of a motion to withdraw guilty pleas pursuant to Crim.R. 32.1 is for an abuse of discretion. *State v. Nathan* (1995), 99 Ohio App.3d 722, 725, citing *State v. Smith* (1977), 49 Ohio St.2d 261. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. See *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶¶17-18, citing Black's Law Dictionary (8 Ed.Rev.2004) 11. When applying the abuse of discretion

standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶16} Furthermore, "under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. Accordingly, res judicata will serve to bar all claims raised in a Crim. R. 32.1 motion that were raised or could have been raised in a prior proceeding. *State v. Sanchez,* 3d Dist. No. 4-06-31, 2007-Ohio-218, ¶18; *State v. McDonald*, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, ¶22, citing *State v. Young,* 4th Dist. No. 03CA782, 2004-Ohio-2711.

{¶17} In our prior decision of Coats' initial appeal in *Coats*, 2009-Ohio-3534, we specifically found that the claims raised in his Crim.R. 32.1 motion were barred by res judicata. Additionally, in the interest of justice, we also addressed Coats' arguments in his motion and found them to be without merit. See Id. at ¶¶20-23. Although we remanded for resentencing in the matter, it had no impact upon his pleas or the arguments raised in his Crim.R. 32.1 motion. Accordingly,

because Coats asserted the same grounds to withdraw his pleas in his second Crim.R. 32.1 motion, we find his arguments to be barred by res judicata.

**{¶18}** Finally, we have previously held that a trial court has no jurisdiction to consider a motion to withdraw a plea once a higher court has affirmed a conviction. See *State v. Driskill*, 3d Dist. Nos. 10-08-10, 10-08-11, 2009-Ohio-2100, ¶33; *State v. Streeter*, 3d Dist. No. 1-08-52, 2009-Ohio-189, ¶14; *State v. Helton*, 3d Dist. No. 6-08-01, 2008-Ohio-1146, ¶15. This position has most recently been addressed by the Ohio Supreme Court in *State v. Ketterer*, Slip Opinion No. 2010-Ohio-3831, where the Court stated:

> **In addition, the state invokes State ex rel. *Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 9 O.O.3d 88, 378 N.E.2d 162, to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas. In *Special Prosecutors*, this court held that "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." Id. at 97-98.**

Id. at ¶64.

**{¶19}** As stated earlier in this opinion, Coats has also included an argument that the case should be reversed because the prosecutor failed to comply with the

original plea negotiations by failing to restate its sentencing recommendation of concurrent sentences. Although not properly before the court as an assignment of error, we will address this argument.

{¶20} We initially note that Coats failed to object to the State's lack of sentence recommendation at the resentencing hearing. As such, Coats has waived all but plain error as to this issue. *State v. Montgomery*, 4th Dist. No. 07CA858, 2008-Ohio-4753, ¶15, citing *United States v. Barnes* (C.A.6, 2002), 278 F.3d 644, 646. In order to have plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431, 1997-Ohio-204; see *State v. Johnson*, 3d Dist. No. 2-98-39, 1999-Ohio-825.

{¶21} At the sentencing hearing, Coats' trial counsel reminded the trial court of the sentence recommendation by stating that "there are recommendations concerning the sentence that we'd like the court to follow that would give [Coats] accumulated nine years on both of these cases." (Feb. 2010 Resentencing Tr., p. 7). Additionally, when sentencing Coats, the trial court stated that it "has learned

-10-

nothing that would cause the court to believe that the sentence previously imposed in this case was not appropriate." (Id. at p. 9).

{¶22} Although the State did fail to make a statement on the record at resentencing in regards to the sentencing recommendation, the trial court was made aware of the recommendation, and the trial court indicated that there was nothing that would lead it to impose a sentence other than that which was previously ordered. Consequently, we find that any error on behalf of the State in failing to make the agreed upon sentencing recommendation was harmless error and did not affect the outcome of the sentencing.

{¶23} Accordingly, we overrule Coats' assignment of error.

{¶24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**