[Cite as *State v. Hall*, 2011-Ohio-659.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                        CASE NO.  12-10-11

      v.

JOHNNY HALL, JR.,                           **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2004-CR-0053

**Judgment Affirmed**

**Date of Decision:  February 14, 2011**

APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *Gary L. Lammers* for Appellee

**WILLAMOWSKI, J.,**

{¶1} Defendant-Appellant, Johnny Hall ("Hall"), appeals the judgment of the Putnam County Court of Common Pleas after he was granted a new sentencing hearing because of an error in informing him of postrelease control for his 2004 drug-trafficking conviction. In this appeal, Hall claims that his original guilty plea was not knowing, intelligent and voluntary; that he was denied the effective assistance of counsel; that he was denied due process of law; and that the trial court improperly denied his "pre-sentencing" motion to withdraw his plea. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 18, 2004, Hall pled guilty to one count of trafficking in drugs (cocaine in excess of 100 grams) in violation of R.C. 2925.03(A), (C)(4)(g), a felony of the first degree. As part of the plea agreement, the State dropped the second and third counts for possession. On December 15, 2004, the trial court sentenced Hall to the maximum term of ten years authorized by R.C. 2929.14(D)(2)(b)(i)-(ii), plus an additional two years pursuant to R .C. 2929.19(B), for an aggregate sentence of twelve years.

{¶3} Hall moved for leave to file a delayed appeal on May 13, 2005. This Court denied that motion, finding that Hall did not set forth sufficient reason for

failing to timely file a notice of appeal. *State v. Hall* (July 7, 2005), 3d Dist. No. 12-05-11.

**{¶4}** On April 28, 2006, Hall filed a post-conviction motion to vacate and correct his sentence pursuant the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E. 2d 470. The trial court denied the motion and this Court affirmed the trial court's decision. See *State v. Hall*, 3d Dist. No. 12-06-08, 2006-Ohio-5155.

**{¶5}** On October 29, 2007, Hall filed a motion to withdraw his guilty plea pursuant to Crim.R. 32, which was overruled by the trial court on November 8, 2007. This Court affirmed the trial court's judgment denying his motion to withdraw his guilty plea and also found that his other two assignments of error pertaining to ineffective assistance of counsel and the claim that his guilty plea was unknowingly, unintelligently, and involuntarily entered, were barred by res judicata and failed to meet the time limitations imposed by R.C. 2953.21 for petitions for post-conviction relief. See *State v. Hall*, 3d Dist. No. 12-07-15, 2008-Ohio-1150.

**{¶6}** On May 30, 2008, Hall filed a petition for post conviction relief, claiming his conviction was void on the basis of a defective indictment pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917. Hall also filed a motion for a Final Appeal Order in September 2008 and a hearing was held.

As a result of that hearing, on November 20, 2008, and December 11, 2008, the trial court issued nunc pro tunc judgment entries to correct the judgment entry to comply with Crim.R. 32(C) pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, requiring the sentencing entries to reflect the manner in which a defendant was convicted, and to correct the entry regarding the dismissal of the second and third counts.

{¶7} On December 15, 2008, Hall filed an appeal of the December 11, 2008 nunc pro tunc judgment entry, but that appeal was dismissed by this Court due to lack of jurisdiction. A motion for reconsideration and an appeal to the Ohio Supreme Court were similarly denied. The trial court overruled Hall's motion for post conviction relief on January 1, 2010.

{¶8} Relevant to the case before us now, in February 2010, Hall filed a "Motion to Correct the Status of Void Sentencing Entry," claiming that his original sentencing did not properly comply with the instructions pertaining to postrelease control pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Hall's judgment entry of sentencing stated that he would be subject to a period of postrelease control "pursuant to law (up to five years)" instead of a definitive period of postrelease control of "five years."

{¶9} As a result, a new sentencing hearing was held on May 28, 2010. At that hearing, Hall's attorney referred to Hall's motion to withdraw his guilty plea

pursuant to Crim.R. 32.1 that had been filed "some time ago" and denied by the trial court. Hall's attorney asked the trial court to reconsider that motion, claiming that the original decision was decided based upon the standard for deciding a "postsentence" motion for plea withdrawal. He argued that Hall's original sentence was "void" because of inaccurate postrelease control information, and therefore, the motion should be considered a "presentencing" motion, which is reviewed with a more liberal standard. The trial court overruled the request for reconsideration and proceeded with the sentencing hearing.

{¶10} On June 7, 2010, the trial court issued its final order, sentencing Hall to the same sentence as previously imposed and advising him that he was subject to five years of mandatory postrelease control. Hall now appeals this decision, raising the following four assignments of error.

### First Assignment of Error

**The plea in this case was not knowing, intelligent, and voluntary, in violation of Criminal Rule 11, the Ohio Constitution, and the United States Constitution.**

### Second Assignment of Error

**The trial Court improperly denied the motion of the defense to withdraw his plea, as the same was a pre-sentencing motion to withdraw his plea.**

### Third Assignment of Error

**Mr. Hall was denied the effective assistance of counsel.**

## Fourth Assignment of Error

**Mr. Hall was denied Due Process of law when the State of Ohio knowingly and intentionally violated his right under R.C. 2925.51(F) to have an independent analyst of his choice present at the testing of the controlled substances.**

{¶11} Hall pled guilty and was sentenced to twelve years in prison in 2004. Since that time, he has filed several motions for review of his plea and sentence in the trial court, and has also filed for subsequent review in this Court of Appeals and with the Ohio Supreme Court. Although the issues that Hall raises in this appeal have previously been addressed, he contends that he is entitled to a "new" review of *all* of these matters because his previous sentence was "void" due to an inaccurate sentencing statement concerning postrelease control.

{¶12} However, a recent decision by the Supreme Court of Ohio has clarified the extent of review that is applicable after a new sentencing hearing is held because the trial court did not properly impose postrelease control. See *State v. Fischer*, --- Ohio St.3d ---, 2010-Ohio-6238, --- N.E.2d ---. The Ohio Supreme Court abrogated portions of *State v. Bezak* and held that "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." Id. at ¶29. Furthermore, the scope of appeal arising from the limited resentencing hearing "is limited to issues arising at the resentencing hearing." Id. at paragraph four of the syllabus. The doctrine of "res judicata still applies to other aspects of the merits of a conviction, including the

determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶13} When postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void, but "only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The new sentencing hearing is limited to the proper imposition of postrelease control. Id. at ¶29. The scope of relief is limited and does not permit a reexamination of all the perceived errors at trial or in other proceedings. Id. at ¶25, citing *Hill v. United States* (1962), 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417.

{¶14} Hall's sentencing hearing to correct the portion of the sentence pertaining to postrelease control cannot be used as a vehicle to reopen all of the other aspects of his case. Therefore, Hall's appeal from that hearing is limited to the subject of postrelease control. Res judicata is still applicable to the issues Hall has raised today concerning the acceptance and attempted withdrawal of his guilty plea, his claims of ineffective assistance of counsel, and his complaints about the testing procedures for controlled substances that occurred prior to his guilty plea. Based on the above and on the authority of *State v. Fischer*, supra, Hall's four assignments are overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, J., concurs.**

**/jnc**

**ROGERS, P.J., concurs separately.**

{¶16} I concur with the result reached by the majority in this case. I write separately to emphasize my position on Appellant's assignment of error alleging that the trial court improperly denied his motion to withdraw his plea.

{¶17} First, I would find that a motion to *reconsider* a final judgment rendered in the trial court months or years earlier is a nullity. *State v. Buss*, 3d Dist. No. 2-05-04, 2005-Ohio-3603, ¶¶9-10, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 76, 78. Second, I would note that the trial court has no authority to even consider a motion to withdraw a plea after an original appeal or, if none, after the time for filing the original appeal has passed; and certainly not after this Court has affirmed a previous denial. *State v. Coats*, 3d Dist. Nos. 10-10-05, 10-10-06, 2010-Ohio-4822, ¶18, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶61. Finally, even if the trial court had authority to consider the motion, a decision appealed and affirmed by this Court is res judicata. Id., 2010-Ohio-4822, at ¶16.