[Cite as *State v. Reyes*, 2011-Ohio-3525.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  10-10-20

    v.

JAMIE REYES,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 02-CRM-024

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   July 18, 2011

APPEARANCES:

    *Jamie Reyes,* **Appellant**

    *Matthew K. Fox* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Jamie Reyes, aka Jaime Reyes, aka Andres Flores, aka Andres Flores Calvario, aka Gordo (hereinafter "Appellant"), pro se, appeals the judgment of the Mercer County Court of Common Pleas denying Appellant's motion to vacate his sentence for failure to properly notify him of post-release control and also denying his motion to withdraw his guilty plea. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} In February 2002, the Mercer County Grand Jury returned a seven-count indictment against Appellant for trafficking in drugs and possession of drugs, namely cocaine and methamphetamine. Pursuant to a negotiated plea agreement, Appellant pled guilty to the following three counts: two counts of trafficking in drugs pursuant to R.C. 2925.03(A);(C)(1)(f), felonies of the first degree with a specification that the defendant is a major drug offender as defined in R.C. 2929.01; and one count of trafficking in drugs pursuant to R.C. 2925.03(A);(C)(1)(d), a felony of the second degree. The State filed a nolle prosequi on the remaining counts in the indictment. On September 13, 2002, the trial court sentenced Appellant to ten years in prison on each of the first two counts and four years in prison on the third count, with all of the sentences to be

served consecutively, for an aggregate sentence of twenty-four years of incarceration. Appellant did not file an appeal.[1]

{¶3} On September 24, 2003, Appellant filed a motion to withdraw his plea or remand for resentencing, but withdrew it on June 14, 2006, with permission to re-file at a future date.[2] In August of 2007, Appellant filed a motion for delayed appeal with this Court, which we denied on September 27, 2007. (Mercer App. No. 10-07-18.) Appellant pursued a discretionary appeal to the Ohio Supreme court, which was not accepted for review. See *State v. Reyes*, 116 Ohio St.3d 1507, 2008-Ohio-381, 880 N.E.2d 483.

{¶4} On January 17, 2008, Appellant re-filed his motion to withdraw his guilty plea and the court denied the motion by journal entry, dated January 18, 2008. Appellant did not appeal that decision.

{¶5} On August 12, 2010, Appellant moved to vacate sentence and to withdraw his guilty plea. The trial court denied these motions on November 22, 2010. It is from this decision that Appellant now appeals, raising the following two assignments of error for our review.

---

[1] The record does not reflect whether Appellant was informed by the trial court of his rights to appeal or to have counsel appointed to represent him in an appeal. See Crim.R. 32(B); *State v. Hunter*, 8th Dist. No. 92626, 1020-Oho-657, ¶20.

[2] Appellant's attorney stated he was withdrawing his plea at that time in order to see if the Ohio Supreme Court's recent decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, would result in any changes in Ohio's sentencing laws.

**First Assignment of Error**

**A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. Thus the trial court violated Appellant's due process rights when it imposed an illegal sentence upon the Appellant.**

**Second Assignment of Error**

**The trial court committed prejudicial error to the Appellant by overruling Appellant's motion to withdraw his guilty plea, thereby denying his rights to due process of law.**

{¶6} In his first assignment of error, Appellant contends that the trial court erred when it completely omitted any reference to post-release control, either at his sentencing hearing or in his judgment entry of sentencing. Appellant points out that it is mandatory for a sentencing court to notify an offender that a period of post-release control will be imposed for the commission of certain felonies, such as in this case. See e.g., *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus, superseded by statute on other grounds ("When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.")

**{¶7}** The trial court denied Appellant's motion to vacate his sentence for lack of proper post-release control sentencing because it considered the motion to be an untimely petition for post-conviction relief. However, the Ohio Supreme Court has stated that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph one of the syllabus. Therefore, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) Id. at ¶26.

**{¶8}** Appellant is correct, and the State agrees, that the trial court erred in omitting any reference to the inclusion of post-release control as a part of Appellant's sentence, as well as failing to inform him concerning what penalties might be imposed if there is a violation of the terms of post-release control. However, it is only that part of the sentence pertaining to post-release control that is void and the new sentencing hearing to which Appellant is entitled is limited to the proper imposition of post-release control. Id. at paragraph three of the syllabus. Res judicata still applies to the other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the sentence. Id at ¶40.

{¶9} Although not raised as an issue by Appellant or the State, we sua sponte note that the trial court's judgment entry of sentencing also failed to specify the method of conviction. The Ohio Supreme Court has held that a judgment of conviction must contain the method upon which the conviction is based, i.e., the guilty plea, the jury verdict, or the finding of the court. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at the syllabus. This is also a matter that must be corrected by the trial court.

{¶10} Appellant's first assignment of error is well-taken and is sustained. Therefore, we remand this matter for further proceedings consistent with this decision.

{¶11} In his second assignment of error, Appellant asserts that the trial court erred when it denied his motion to withdraw his guilty plea. Appellant complains that his plea was not knowingly, intelligently, and voluntarily made because the trial court did not comply with the Crim.R. 11(C) plea colloquy requirements, thereby failing to inform him of the consequences of his guilty plea and the constitutional rights that he was waiving.[3] He further states that his

---

[3] Although not a substitute for the required Crim.R. 11(C) plea colloquy by the trial court, we do note that in two of the written plea agreement documents, signed by Appellant, he was informed of the rights he was waiving and the consequences of his plea. However, Appellant denies that these rights were explained to him by either the trial court, his attorney, or his interpreter. (See Oct. 9, 2007 affidavit submitted with his Jan. 17, 2008 Motion to Withdraw Guilty Plea.)

motion to withdraw his guilty plea should be considered as a "presentence motion" under Crim.R. 32.1, and therefore, should be "freely and liberally granted."

{¶12} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. However, in this case, Appellant's motion was a "post-sentence" motion because a substantial part of his sentence was final and unaffected by the portion of the sentence relating to post-release control which was considered "void." See *State v. Christie*, 3d Dist. No. 4-10-04, 2011-Ohio-520, ¶¶24-25 (citing to the principles in *Fischer*, 2010-Ohio-6238, at ¶18, modifying previous rulings and holding that a sentence lacking proper post-release control notification is only "in part void"). See, also, *State v. Hall*, 3d Dist. No. 12-10-11, 2011-Ohio-659. Therefore, Appellant's motion to withdraw his guilty plea is a "post-sentence" motion and is not entitled to the special considerations accorded a pre-sentence motion.

{¶13} Furthermore, we find that the trial court correctly denied Appellant's motion to withdraw his plea on the basis of res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been

raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶59, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Ohio courts of appeal have also applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal. Id. Likewise, this Court has recently held that "res judicata will serve to bar all claims raised in a Crim. R. 32.1 motion that were raised or could have been raised in a prior proceeding." *State v. Coats*, 3d Dist. Nos. 10-10-05, 10-10-06, 2010-Ohio-4822, ¶16.

**{¶14}** Appellant was sentenced in September of 2002, but he did not appeal even though his claimed errors were readily apparent on the record at that time. Appellant then filed a motion to withdraw his guilty plea in 2003, although he subsequently withdrew it after obtaining the trial court's permission to re-file at a later date. (See fn. 1.) Appellant then filed his motion to withdraw his guilty plea in January of 2008. The trial court denied his motion, and Appellant did not appeal this decision. In August of 2010, Appellant filed another motion to withdraw his guilty plea, setting forth essentially the same arguments that he made in his 2008 motion. Because this issue was already decided by the trial court's January 18, 2008 judgment entry, and that decision was never challenged on appeal, Appellant is precluded from bringing subsequent motions to withdraw his

guilty plea by the doctrine of res judicata. Therefore, Appellant's second assignment of error is overruled.

{¶15} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued in Assignment of Error Two, we affirm the judgment of the trial court as to that assignment of error. However, we find that Assignment of Error One has merit, and we hereby remand the matter to the trial court for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**