**[Cite as *State v. Carter*, 2011-Ohio-6104.]**


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY


**STATE OF OHIO,**

   **PLAINTIFF-APPELLEE,**                   **CASE NO. 1-11-36**

  **v.**

**WILLIAM CARTER,**                           **O P I N I O N**

   **DEFENDANT-APPELLANT.**


**Appeal from Allen County Common Pleas Court**
**Trial Court No. 2009-CR-0186**

**Judgment Affirmed**

**Date of Decision:  November 28, 2011**


**APPEARANCES:**

    *Melinda S. Kaufman* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, William Carter ("Carter"), appeals the judgment of the Allen County Court of Common Pleas denying his motion to withdraw his guilty plea more than a year after his original sentencing. On appeal, Carter maintains that the trial court erred in overruling his "pre-sentence" motion without a hearing. Or, "alternatively," he states that he had ineffective assistance of trial counsel; his plea was not intelligent, knowing and voluntary; and he had ineffective assistance of appellate counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} In October 2009, the Allen County Grand Jury entered an amended indictment of Carter with the following two counts: Count One – kidnapping in violation of R.C. 2905.02(A)(2), a felony of the first degree, with a specification that Carter was a repeat violent offender as defined in R.C. 2929.01(CC), listed in R.C. 2941.149; and, Count Two – aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree, also with the repeat violent offender specification. At a change of plea hearing, Carter entered a plea of guilty to both counts. After conducting a Crim.R. 11 plea colloquy, the trial court accepted Carter's guilty pleas, with the defense reserving the right to argue the issue of merger.

{¶3} On December 16, 2009, a hearing was held on the matter of sentencing and on Carter's motion on the issue of merger of the two offenses of kidnapping and aggravated robbery. The trial court sentenced Carter to prison for ten years on each count, and to an additional ten years for the repeat violent offender specification on each count, but with the two counts to run concurrently, for a total of twenty years in prison.

{¶4} Carter then filed a direct appeal, contending that the trial court erred in sentencing him on both convictions, as they were allied offenses of similar import and that the trial court was only permitted to convict him on one charge. The trial court had agreed that they were allied offenses, but had purported to "merge" the counts by ordering them to be served concurrently. We sustained Carter's sole assignment of error and remanded for resentencing, with instructions for the trial court to permit the State to elect one offense to pursue at the resentencing and to impose a single sentence. See *State v. Carter* (Dec. 27, 2010), 3d Dist. No. 1-10-04, unreported (or, "*Carter I*").

{¶5} On April 6, 2011, Carter filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 prior to the resentencing, claiming that it was a "presentence" motion to withdraw and should be "freely and liberally granted." See *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E. 2d 715. The trial court held a hearing on June 16, 2011, and denied the motion. A new sentencing

hearing was then held to correct the procedural error from the first sentencing hearing. At that time, the State elected that Carter be sentenced for the aggravated robbery conviction and the trial court merged the kidnapping conviction into that for the aggravated robbery. The trial court then sentenced Defendant to ten years for the aggravated robbery and to a consecutive ten-year term for the repeat violent offender specification. The trial court noted in both the original and the resentencing judgment entry that "[t]his is one of the worst robbery/kidnapping and beating cases that this Court has ever presided over in 21 years."

{¶6} On June 21, 2011, the trial court filed a judgment entry and opinion journalizing the denial of Carter's motion to withdraw his plea and the trial court also filed the new judgment entry of sentencing. In overruling the motion to withdraw his guilty plea, the trial court found the motion not well taken for the following reasons.

> **First and foremost, the Defendant could have raised the issue on direct appeal. His appeal to the Third District did not raise the issue for which he wishes to withdraw his plea.**
>
> **Next, the Defendant did not file a petition for postconviction relief within the statutory time period. Therefore, the matter is res judicata and the court has no jurisdiction. * * ***
>
> **Secondly, [even] assuming the Court did have jurisdiction, the Motion is not well-taken after the hearing. The record is clear that the Defendant understood the possible sentence he could receive and acknowledged the same. In fact, the Defendant claims he is not contending that the conviction should be set aside but that the sentence wasn't what he thought it would be.**

**Again, this is without merit. Defendant could have raised this issue on appeal but did not.**

(June 21, 2011 J.E., p. 2.)

{¶7} On July 13, 2011, Carter filed an appeal, raising the following assignments of error for our review.

### First Assignment of Error

**The trial court erred in overruling [Carter's] pre-sentence motion to withdraw his guilty plea without hearing.**

*Alternatively:*

### Second Assignment of Error

**Ineffective assistance of trial counsel.**

### Third Assignment of Error

**Intelligent, knowing, and voluntary waiver of constitutional rights.**

### Fourth Assignment of Error

**Ineffective assistance of appellant [sic] counsel.**

{¶8} In the first assignment of error, Carter asserts that the trial court erred by denying his "pre-sentence" motion to withdraw his guilty plea. Carter does not deny that he committed the offense, but he claims that his plea was invalid because he was not aware that the sentences could run consecutively. He contends that his plea withdrawal should be allowed under the more liberal standard

applicable to pre-sentence motions because he filed his motion before the trial court held the resentencing hearing to correct the merger error.

{¶9} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627.

{¶10} The trial court did hold a hearing on Carter's motion to withdraw his plea, and there was considerable discussion as to whether the motion should be considered a "pre-sentence" motion or a "post-sentence" motion. However, the trial court found that the motion was untimely and was barred by res judicata. Moreover, the record also clearly demonstrated that even if the trial court would have had jurisdiction, Carter's motion would not have satisfied the standards necessary for granting either a pre-sentence or a post-sentence motion to withdraw a guilty plea.

{¶11} It has long been held that a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed on appeal; or, if there was no appeal, after the time for filing the original appeal has passed. *State v. Coats*, 3d Dist. Nos. 10–10–05, 10–10–06, 2010–Ohio–4822, ¶18, citing *State v. Ketterer*, 126 Ohio St.3d 448, 935 N.E.2d 9, 2010–Ohio–3831, ¶61. In *Ketterer*, quoting from *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162, the Ohio Supreme Court affirmed its holding that "'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" *State v. Ketterer,* 126 Ohio St.3d 448, at ¶61.

{¶12} In *Ketterer*, after the defendant's convictions had been affirmed on appeal, the case was remanded for the *limited purpose* of resentencing the defendant on his noncapital offenses. Id., at ¶62. "Under the authority of *Special Prosecutors*, the panel had no authority to consider [the defendant's] motion to

withdraw his guilty pleas, let alone grant him a new trial." Id. Cf. *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E. 2d 332, ¶26–27 (which clarified that when a trial court does not properly impose postrelease control, "only the offending portion of the sentence is subject to review and correction" and thus, "[t]he scope of an appeal from a resentencing hearing in which mandatory postrelease control is imposed is limited to issues arising at the sentencing hearing.")

{¶13} Just as in *Ketterer*, when Carter appealed to this Court, we remanded the case but only for the *limited purpose* of applying the appropriate procedures to merge the counts. See *Carter I*. No other aspect of Carter's conviction was modified by the appeal, and therefore, his valid conviction cannot be set aside after it has been affirmed on appeal. The resentencing hearing is constrained to the narrow function of correcting only the error in the sentence and it cannot be used as a vehicle to reexamine any other perceived errors. See *Fischer*, at ¶25; *State v. Hall*, 3d Dist. No. 12-10-11, 2011-Ohio-659, ¶14.

{¶14} Finally, even if the trial court had authority to consider the motion, a decision appealed and affirmed by this Court is res judicata. *State v. Coats*, 2010–Ohio–4822, at ¶16. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *Ketterer*, at ¶59. "Ohio courts of appeals have applied res judicata to bar the

assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." Id. (Citations omitted.)

{¶15} The trial court did not err in finding that it did not have jurisdiction to consider Carter's belated motion to withdraw his guilty plea. The first assignment of error is overruled.

{¶16} In his second and third assignments of error, Carter complains that he had ineffective assistance of counsel, claiming that his original trial counsel did not properly inform him that the sentence for the repeat violent offender specification would run consecutively to the sentence imposed for the aggravated robbery/kidnapping. He also alleges that his plea was not an intelligent, knowing and voluntary waiver of his constitutional rights.

{¶17} Although the record clearly refutes both of these assertions, neither matter is subject to review because both of the issues are barred by res judicata. "The doctrine of res judicata establishes that 'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d

381, ¶30, quoting *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶18} Carter could have raised both of these issues at the time of his first appeal. He cannot belatedly appeal these issues now because they are barred by res judicata. In his appellate brief, Carter mistakenly states that *State v. Wilson*, supra, stands for the proposition that a defendant in Carter's position is not barred from relitigating matters already decided. In *Wilson*, the Ohio Supreme Court specifically stated that "[t]he scope of an appeal from a new sentencing hearing *is limited to issues that arise at the new sentencing hearing*." (Emphasis added.) *Wilson*, 129 Ohio St.3d 216, at ¶30. Likewise, Carter's appeal from his resentencing hearing is limited to the issues pertaining to the trial court's correction of the merger issue. Carter's second and third assignments of error are overruled.

{¶19} In the fourth assignment of error, Carter asserts that he was denied effective assistance of appellate counsel in his original direct appeal. Although this assignment of error is not very specific, apparently Carter is arguing that his appellate counsel did not sufficiently represent him in "correct[ing] all defects in the earlier court proceedings," referring to *Carter I*. (Appellant's Br., p. 9.)

{¶20} In 1993, the Supreme Court of Ohio adopted App.R. 26(B), which established specific procedures for defendants to bring claims of ineffective

assistance of appellate counsel. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶13.

> **A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided *within ninety days from journalization of the appellate judgment* unless the applicant shows good cause for filing at a later time.**

(Emphasis added.) App.R.26(B)(1). The Rule further specifies the detailed procedures and requirements that must be followed for consideration of an "application for reopening." See App.R.26(B)(2) through (9).

{¶21} The decision in Carter's original appeal was journalized on December 27, 2010. Carter filed his appeal in this case on July 13, 2011, which is well beyond the ninety-day time limitation set forth in App.R.26(B). Furthermore, he has not followed any of the other procedures that are required in order for an application for reopening to merit consideration. As a result, Carter's fourth assignment of error is overruled.

{¶22} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/hlo**

-11-