[Cite as *State v. Fisher*, 2015-Ohio-4922.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                      :

    Plaintiff-Appellee,                       :               CASE NO.  CA2015-03-029

    - vs -                                        :               O P I N I O N
                                                              11/30/2015
                                                               :

JOHN FISHER,                                       :

    Defendant-Appellant.                      :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013-CR-0639

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, John Fisher, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to withdraw his guilty plea.  For the reasons stated below, we affirm the decision of the trial court.

{¶ 2}  In 2013, Fisher was charged with multiple counts of rape, felonious assault, and gross sexual imposition. The charges related to sexual crimes Fisher committed against his daughter and a neighbor child throughout the 1990s.  Fisher pled guilty to two counts of rape

and one count of gross sexual imposition and the remaining charges were dismissed. Thereafter, the trial court sentenced Fisher to serve 7 to 25 years on the first rape count, 8 to 25 years on the second rape count, and 2 years on the gross sexual imposition charge. The court ordered the rape charges to be served consecutively to one another and ordered the gross sexual imposition charge to be served concurrently to the rape charges, for a total aggregate sentence of 15 to 50 years.

{¶ 3} Fisher appealed to this court, arguing the trial court did not make the required findings in imposing consecutive sentences in regards to the rape charges. We agreed and remanded the case for the trial court to make the requisite statutory findings under R.C. 2929.14(C)(4) for consecutive sentences. *State v. Fisher*, 12th Dist. Clermont No. CA2014-05-036, 2015-Ohio-572, ¶ 2-4 *(Fisher I).*

{¶ 4} On remand, the trial court held a resentencing hearing. Prior to resentencing, Fisher moved to withdraw his guilty plea. Fisher argued that the trial court should consider the motion under the more liberal standard applicable to presentence motions to withdraw guilty pleas. The trial court disagreed, determined that the motion was a post-sentence motion to withdraw a guilty plea, and overruled the motion reasoning that Fisher's claims were barred by res judicata and did not show a manifest injustice. The trial court then made statutory findings under R.C. 2929.14(C)(4) for consecutive sentences and again sentenced Fisher to an aggregate prison term of 15 to 50 years, with credit for time served.

{¶ 5} Fisher now appeals, asserting a sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 7} Fisher argues the trial court erred in denying his motion to withdraw his guilty plea. Fisher maintains the trial court incorrectly treated the motion as a post-sentence motion subject to the "manifest injustice" standard under Crim.R. 32.1, rather than as a

presentence motion which should be "freely and liberally granted." Fisher asserts his motion to withdraw was a presentence motion because we declared his original sentence void in *Fisher I* and on remand the trial court conducted a de novo resentencing hearing.

{¶ 8} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶ 9} A trial court has no authority to consider a motion to withdraw a plea after a conviction has been affirmed on appeal, or, if there was no appeal, after the time for filing the original appeal has passed. *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11. Specifically, the Ohio Supreme Court has held that "'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.'" *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61, quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). While Crim.R. 32.1 enlarges "the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court * * *." *Id.*, quoting *Special Prosecutors* at 98.

{¶ 10} This court has recently held that when a case is remanded to the trial court solely for the limited purpose of resentencing, and the sentence is not void, the trial court does not have jurisdiction to entertain a motion to withdraw a plea. *State v. Simon*, 12th Dist. Butler No. CA2015-05-081, 2015-Ohio-4448, ¶ 20. In *Simon*, we rejected the defendant's

argument that his motion to withdraw should be treated as a presentence sentence motion because it was filed before the resentencing hearing. *Id.* at ¶ 14-20. Instead, the trial court did not have jurisdiction to entertain the motion because the defendant's case was remanded solely for the purpose to correct an allied-offense sentencing error and no other aspect of the defendant's convictions were modified by the appeal. *Id.* at ¶ 20. Therefore, the guilty verdict underlying the defendant's sentence was unaffected by our remand, remained the law of the case, and was not subject to review. *Id.* at ¶ 19, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15.

{¶ 11} In *Fisher I*, this court remanded the case to the trial court solely for the court to make the requisite statutory findings under R.C. 2929.14(C)(4) in imposing consecutive sentences on the rape counts. Like *Wilson*, the guilty verdict underlying Fisher's sentence was unaffected by our remand, remained the law of the case, and was not subject to review. Fisher did not appeal any other aspect of his sentence, and because only the rape sentences were ordered to be served consecutively to one another, our decision in *Fisher I* did not affect the gross sexual imposition sentence. Further, the trial court's failure to make the required statutory findings before imposing consecutive sentences on the rape counts did not render Fisher's sentence void and did not require a de novo resentencing hearing. *See State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 22; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus. Consequently, the trial court lacked jurisdiction to consider Fisher's post-remand motion to withdraw his guilty plea.

{¶ 12} Therefore, the trial court did not err in denying Fisher's motion to withdraw his guilty plea. Fisher's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

- 4 -