[Cite as *State v. Perez*, 2017-Ohio-9190.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170052 |
| | | TRIAL NO. C-15CRB-10849(B) |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MANUEL PEREZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 22, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Bradley Fox*, for Defendant-Appellee.

**MOCK, Presiding Judge.**

{¶1}     On July 10, 2015, defendant-appellant Manuel Perez pleaded guilty to domestic violence.  On February 25, 2016, he filed a motion to withdraw his plea pursuant to Crim.R. 32.1.  In that motion, he argued that he had not been given sufficient information before entering his plea, including the collateral consequences of his conviction.  The trial court denied the motion on April 25.  On June 13, Perez filed a second Crim.R. 32.1 motion to withdraw his plea.  This time, he argued that counsel had been ineffective for failing to inform him of the collateral consequences of his plea, and that he should have been given an interpreter during the plea hearing because English was his second language. The trial court denied the motion.  Perez now appeals this decision in one assignment of error.

{¶2}     "[I]f a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied." (Footnote omitted.)  *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421; *see State v. Sappington*, 10th Dist. Franklin No. 09AP-988, 2010-Ohio-1783, ¶ 10.  While the Ohio Supreme Court has not addressed the issue, each of our sister districts has determined that res judicata bars such successive motions.  *See State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 25; *State v. Coates*, 3d Dist. Mercer Nos. 10-10-05 and 10-10-06, 2010-Ohio-4822, ¶ 16; *State v. Vincent*, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998, ¶ 11; *State v. McLeod*, 5th Dist. Tuscarawas No. 2004 AP 03 0017, 2004-Ohio-6199, ¶ 12; *State v. Kelm*, 6th Dist. Wood No. WD-11-024, 2013-Ohio-202, ¶ 10; *State v. Lankford*, 7th Dist. Belmont No. 07 BE 3, 2007-Ohio-3330, ¶ 9; *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7-8; *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22; *State v. Green*, 12th Dist. Butler No. CA2016-09-187, 2017-Ohio-2800, ¶ 13.

**{¶3}** We agree with our sister districts and hold that, if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies, and the second Crim.R. 32.1 motion should be denied. In this case, the main difference between the two motions was that the first motion was premised on the failure of the trial court to warn Perez about the collateral consequences of his guilty plea, while the second motion was premised on the failure of counsel to do the same. Because he was a United States citizen, this distinction is insufficient to prevent the subsequent argument from being barred. *See State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 12 (second motion that alleged ineffective assistance of counsel, with the arguments underlying the claim having previously been raised as part of his first motion, were barred by res judicata).

**{¶4}** The arguments made in Perez's second motion to withdraw his guilty plea were barred by res judicata. We overrule Perez's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **MILLER, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.